FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER L. H.,[1] | |
| Plaintiff, | No. 2:21-CV-00022-SAB |
| v. | |
| COMMISSIONER OF SOCIAL | **ORDER GRANTING** |
| SECURITY,[2] | **PLAINTIFF'S MOTION FOR** |
| Defendant. | **SUMMARY JUDGMENT;** |
| | **DENYING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by Dana Madsen; Defendant is represented by Erin Highland and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1**

reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

## I.    Jurisdiction

On July 5, 2018, Plaintiff filed an application for supplemental security income. He alleged disability beginning November 1, 2017.

Plaintiff's application was denied initially and on reconsideration. On June 28, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On June 17, 2020, Plaintiff appeared and testified by telephone before ALJ Maria Palachuk, who presided from Spokane, Washington. She was represented by her attorney, Dana Madsen. Also appearing and testifying were Steven S. Goldstein, MD, Nancy Winfrey, Ph.D, and K. Diane Kramer. The ALJ issued a decision on July 22, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on November 19, 2020. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 13, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3**

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~4**

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ  considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

herein.

At the time of the hearing, Defendant was 37 years old. He testified that he weighed just under 400 lbs. He graduated from high school, while taking special education classes. He is single and does not have any children. He has prior work experience as a cook and cashier and telemarketer. He testified that he no longer can work because of his knee, back, shoulders, and some breathing issues. He uses a wheelchair to get around if he goes out of the house. While inside, he is able to hold onto something to get around. He also uses a walker.

His right shoulder causes significant pain. He gets tingling and numbness in his fingertips as well. He testified that he avoids stairs and can only walk about 50 feet and stand for about 10 minutes. He does not have a driver's license and relies on his mother for transportation. He testified that he needs assistance with vacuuming, sweeping and laundry. He shops for groceries with the assistance of an electric cart about one or two times a month. He cooks microwaveable meals.

He indicated that he suffers from mood swings.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-27. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 5, 2018. AR 17.

At step two, the ALJ identified the following severe impairments: morbid obesity, internal derangement, right shoulder with labral tear; lateral riding left patella with meniscal tear, bipolar disorder, generalized anxiety disorder, and post-traumatic stress disorder. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18. Specifically, the ALJ found that Plaintiff did not meet the listing 1.02, 12.04, 12.06 and 12.15. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~7

to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally push and pull with his right upper extremity. He can perform all postural activities occasionally, but he can never climb ladders, ropes, or scaffolds, kneel, crouch, or crawl. He can never reach above shoulder height with his right upper extremity. He must avoid concentrated exposure to extreme cold, respiratory irritants, and hazards. He can understand, remember, and carry out simple, routine, and repetitive tasks. He can maintain concentration, persistence, and pace for two-hour intervals between regularly scheduled breaks. He can adapt to simple changes. He cannot perform any fast-paced production rate of pace. He can have occasional public interaction. AR at 20.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including final assembler, document scanner, and printed circuit board assembler. AR 27.

## VI. Issues for Review

1. Whether the ALJ properly assessed Plaintiff's symptom claims.

2. Whether the ALJ properly assessed the medical opinion evidence.

## VII.  Discussion

The ALJ found the medical evidence of record does not substantiate Plaintiff's physical impairments. The ALJ relied on the fact that the record indicates that Plaintiff reported that he exercised, including going on walks with his dog and riding a bike; reported working on his truck removing paint; and reported he was able to do simple household chores like fold laundry or wash dishes.

The record does not support the ALJ's conclusions that the record does not substantiate Plaintiff's physical impairments. Notably, the ALJ relies on records that were generated prior to his significant knee injury, which impaired his ability

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~8**

to ambulate. For instance, while Plaintiff indicated in 2018 that he could do simple household chores, at the hearing in 2019, he testified that he now needs assistance with vacuuming, sweeping and laundry. Dr. Weir's examination took place in January 2019 and did not address his left knee issues. He noted that Plaintiff's chief complaints were his right shoulder problem and morbid obesity. Moreover, the ALJ relied on the testimony of Dr. Goldstein, but it is clear from his testimony that he did not review the medical records regarding Plaintiff's left knee impairment.

On the other hand, beginning in June 2019, the record indicates that Plaintiff had a hard time walking and was unable to ambulate. The treatment provider recommended a wheelchair because he was unable to use crutches. These treatment provider notes support Plaintiff's statements of his symptoms.

Here, the ALJ relied on Plaintiff's reported activities prior to June 13, 2019, before he experienced his left knee pain/injury, to deny him benefits. This was in error because the record indicates his activities became more restrictive after June 13, 2019. As such, substantial evidence does not support the ALJ's decision and remand is necessary for the ALJ to properly consider the limitations created by Plaintiff's left knee impairment.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3.    The decision of the Commissioner is **REVERSED** and **REMANDED** for proceedings consistent with this Order.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

5.    Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the District Court Executive is directed to substitute Kilolo Kijakazi for Andrew Saul.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 28th day of January 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10